UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ANN ARISTO, | No. 2:19-cv-1769 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion asserts principally that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's subjective testimony was erroneous.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 14.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On March 8, 2016, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on January 30, 2016. (Transcript ("Tr.") at 15, 165-73.) Plaintiff's alleged impairments included MS, depression, fatigue, pain, vertigo, and insomnia. (Id. at 166.) Plaintiff's application was denied initially, (id. at 87-91), and upon reconsideration. (Id. at 93-97.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 19, 2018. (Id. at 30-56.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 30-34.) In a decision issued on November 27, 2018, the ALJ found that plaintiff was not disabled. (Id. at 25.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2021.
>
> 2. The claimant has not engaged in substantial gainful activity since January 30, 2016, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: multiple sclerosis (MS) (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). In particular, claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand a total of one-hour, and walk for a total of one-hour and sit for about six hours in an eight-hour workday. She should avoid hazards such as heights and moving machinery, no climbing of ladders/ropes/scaffolds and can frequently climb stairs, balance, and stoop, kneel, crouch or crawl.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

      7. The claimant was born [in] 1971 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

      8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from January 30, 2016, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 17-25.)

On August 7, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's November 27, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 6, 2019. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts that "[t]his case turns on resolving two primary questions," specifically: (1) the ALJ's treatment of the medical opinion evidence; and (2) the ALJ's treatment of the subjective testimony. (Pl.'s MSJ (ECF No. 15) at 18.[3])

### I. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).[4]

Here, plaintiff challenges the ALJ's treatment of the opinion offered by Clinical Psychologist, Dr. Sid Cormier, Ph.D.[5] (Pl.'s MSJ (ECF No. 15) at 19-27.) The ALJ discussed Dr. Cormier's opinion, stating:

> Turning to claimants' mental condition on June 1, 2016, consultative psychologist, Sid Cormier, PhD, evaluated the claimant and concluded that mood impairment may moderately impair her for all tasks, moderate impairment for attendants and performing

---

[4] Effective March 27, 2017, Revisions to Rules Regarding the Evaluation of Medical Evidence went into effect. Plaintiff's application, however, was filed prior to March 27, 2017. "For claims filed before March 27, 2017, but not decided until after that date . . . the rules listed in 20 C.F.R. §§ 404.1527(c), 416.927(c) apply." Edinger v. Saul, 432 F.Supp.3d 516, 530 (E.D. Pa. 2020).

[5] The opinions of a medical specialist regarding the specialist's area of expertise "are given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty.").

consistently. She is moderately impaired for completing workday/week, significant impairment for response to stress.

(Tr. at 22.) The ALJ's recounting of Dr. Cormier's opinion, however, is quite truncated. In this regard, Dr. Cormier issued a "COMPREHENSIVE MENTAL EVALUATION" in narrative form that spans eight pages. (Id. at 258-65.) As part of that evaluation, Dr. Cormier conducted a clinical interview and behavioral observation. (Id. at 259.)

Although the ALJ summarized Dr. Cormier's basic opinion, Dr. Cormier also found that plaintiff "demonstrated depression with an eventually labile quality of affect." (Id. at 262.) Dr. Cormier's examination found that plaintiff's "response to the stress of evaluation did suggest significant impairment with respect to her ability to deal with typical stresses that she might encounter in a typical work situation." (Id. at 264.) That plaintiff "briefly decompensated near the end of the evaluation and," therefore, Dr. Cormier "could not rule out that she may decompensate if paced in a competitive work situation at this time." (Id.) And that plaintiff "appears marginally functional within a moderately supportive situation at this time." (Id.)

The ALJ elected to "reject Dr. Cormier's consultative psychological evaluation[.]" (Id. at 23.) However, "[e]ven when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)).

The ALJ attempted to support the rejection of Dr. Cormier's opinion by asserting that there were "insufficient records documenting mental impairment as the claimant has never sought treatment or been diagnosed [with] a mental impairment since her alleged onset date." (Tr. at 23.) An ALJ errs where he assigns a medical opinion "little weight while doing nothing more than . . . asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13; see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . .

6

required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

And the Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Dr. Cormier's opinion, however, was supported by his independent clinical findings based on the examination.  In this regard,

> [c]ourts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.  In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology.

Averbach v. Astrue, 731 F.Supp.2d 977, 986 (C.D. Cal. 2010) (quoting Sanchez v. Apfel, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000)).  "[W]hen an examining physician provides 'independent clinical findings' . . . such findings are 'substantial evidence.'"  Orn, 495 F.3d at 632.

Moreover, the record undercuts the ALJ's finding.  In this regard, a February 16, 2016 treatment note reflects that plaintiff "may be depressed."  (Tr. at 255.)  Plaintiff reported beginning treatment with antidepressants in November of 2016.  (Id. at 220.)  A June 13, 2018 treatment note reflects that plaintiff's prescription was renewed with a diagnosis of "Depression."  (Id. at 318.)

The only other reason given by the ALJ for rejecting Dr. Cormier's opinion was that it was based on "a one-time examination[.]"  (Id. at 23.)  Although there are exceptions, examining opinions in Social Security cases—many of which are done at the request of the Commissioner—
////

are overwhelmingly based on one examination. If this were a legitimate reason for rejecting examining opinions ALJs would be free to reject almost every examining opinion.

Accordingly, for the reasons stated above, the court finds that the ALJ's decision to reject Dr. Cormier's opinion was erroneous and not supported by substantial evidence. Plaintiff, therefore, is entitled to summary judgment on this claim.

**II.     Subjective Testimony**

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 15) at 27.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[6] Valentine v. Commissioner Social Sec. Admin., 574

---

[6] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an

F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ summarized plaintiff's testimony as follows:

> . . . at the administrative hearing, the claimant testified that she has MS and stopped working in 2016. She testified to multiple symptoms, which preclude work. This includes testimony that after walking short distances, she has problems walking due to balance issues. She also testified to chronic fatigue, almost daily headaches, and other symptoms resulting in days in which she has to lay down most of the day. However, this is not supported in the record. She also testified that she dropped out of school two months before graduation and she does not have a high school diploma.
>
> The claimant also completed an Exertional Activities Questionnaire and indicated she is unable to walk for any prolonged period and if she does, she starts to limp. If temperature outside is warm she must stay out of the heat or her condition worsens. She fatigues easily. She does not climb stairs, can lift about five pounds and does minimal household chores. She takes Tramadol for headaches and used to take Rebif shots every other day. She does not require an assistive device. She can become dizzy when she stands too long. She is able to transport herself to her various life events by driving a motor vehicle[.]

(Tr. at 22.)

As noted by plaintiff, the ALJ provided ten reasons for rejecting the plaintiff's testimony concerning plaintiff's physical impairments. (Pl.'s MSJ (ECF No. 15) at 28-29.) One reason was

---

ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

that plaintiff provided inconsistent testimony. In this regard, a June 3, 2016, examination reflected that plaintiff "identified with a California driver's license" and "drove herself to the appointment." (Tr. at 268.) At a November 19, 2016 examination, plaintiff "indicated she is not able to drive[.]" (Id. at 276.) Then, at the October 19, 2018 hearing, plaintiff testified to driving "[a]t times." (Id. at 47.)

The ALJ also noted that plaintiff testified to having not sought treatment from a neurologist since 2008. (Id. at 21, 41.) To having refused prescribed treatment in favor of "natural things." (Id.) And to have intended to seek treatment in Germany but deciding against it after plaintiff's condition became "somewhat stable." (Id. at 21, 41-42.) Inconsistent statements and a lack of treatment are each permissible reasons to reject a plaintiff's testimony. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider [her] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [she] complains.").

The ALJ's opinion then "[]turn[s] to claimants' (sic) mental condition" and discusses the medical opinion evidence. (Tr. at 22.) In this regard, it appears that the ALJ failed to address plaintiff's allegations relating to the diagnosed mental impairment.[7] To the extent the ALJ intended the discussion of the medical opinion evidence to provide a basis for rejecting plaintiff's alleged mental impairments, the ALJ's treatment of Dr. Cormier's opinion was erroneous for the reasons stated above, and therefore cannot provide a basis for rejecting plaintiff's mental impairments.

Moreover, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch, 400 F.3d at

---

[7] As noted above, plaintiff alleged mental impairment in the initial application for benefits. (Tr at 166.)

680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Accordingly, the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony concerning plaintiff's physical impairments. The ALJ, however, failed to provide a clear and convincing reason for rejecting plaintiff's testimony concerning plaintiff's mental impairments. Plaintiff, therefore, is also entitled to summary judgment as to this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[8] Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

////

---

[8] Plaintiff asserts that the errors noted above resulted in the ALJ erring "at every step of the sequential evaluation, except two[.]" (Pl.'s MSJ (ECF No. 15) at 38.) It is undoubtedly true that the ALJ's erroneous rejection of Dr. Cormier's opinion and the treatment of plaintiff's testimony created additional errors throughout the sequential evaluation. Having already identified errors requiring remand and upon review of the record the court finds it unnecessary to reach plaintiff's remaining, and essentially repetitive, claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, having reviewed the record the court cannot say that further administrative proceedings would serve no useful purpose. Moreover, on this record, the court does have serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\aristo1769.ord

12