Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
526 3rd St., Ste. A-2
San Rafael, CA 94901
Ph: 415.881.7653
Fx: 866.610.1430
   *rcweems@weemslawoffices.com*
Attorney for Plaintiff,
   STACY ANN ARISTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ANN ARISTO,<br><br>   Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>   Defendant. | No. 2:19-cv-01769 DB<br><br>STIPULATION AND ORDER RE ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of NINE THOUSAND FIFTY DOLLARS and NO CENTS ($9,050.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to his counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

    Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that

1

Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's claim for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

| WEEMS LAW OFFICES | PHILLIP A. TALBERT, |
| --- | --- |
| | Acting United States Attorney |
| | PETER K. THOMPSON |
| | Acting Regional Chief Counsel, Region IX |
| | Soc. Sec. Admin |
| | ELLINOR R. CODER, CA 258258 |
| | Special Assistant United States Attorney |
| /s/Robert C. Weems | By: /s/ Caspar Chan |
| Robert C. Weems, | CASPAR CHAN |
| Attorney for Plaintiff | Sp. Asst. U.S. Attorney, on behalf of |
| | ELLINOR R. CODER, |
| | Sp. Asst. U.S. Attorney, Attorney for Defendant |
| | (per email authorization 12/8/2021) |

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: December 10, 2021            /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE