UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ANN ARISTO,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No.  2:19-cv-1769 DB<br><br><br><br>ORDER |

Plaintiff brought this action seeking judicial review of a final administrative decision denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2]  On September 9, 2021, the court granted plaintiff's motion for summary judgment and remanded this matter for further proceedings.  (ECF No. 19.)

Upon remand plaintiff was awarded benefits, including retroactive benefits amounting to $101,600.  (ECF No. 23 at 4; ECF No. 23-3 at 2-11; ECF No. 23-4 at 5.)  On June 12, 2023,

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 14.)

1

counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) as provided for by the applicable contingent-fee agreement. (ECF No. 23.) Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $25,400, which represents 25% of the retroactive disability benefits received by plaintiff on remand. (Id. at 1.) Defendant has not objected to the fee request but instead provided an "analysis to assist the Court." (Def.'s Brief (ECF No. 24) at 2.)

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989), abrogated on other grounds in Gisbrecht, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is

1 reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a
2 reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee
3 arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"
4 Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

5       The Supreme Court has identified five factors that may be considered in determining
6 whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to
7 reduction by the court: (1) the character of the representation; (2) the results achieved by the
8 representative; (3) whether the attorney engaged in dilatory conduct in order to increase the
9 accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the
10 amount of time counsel spent on the case; and (5) the attorney's record of hours worked and
11 counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52
12 (citing Gisbrecht, 535 U.S. at 808). Below, the court will consider these factors in assessing
13 whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

14       Here, there is no indication that a reduction of fees is warranted due to any substandard
15 performance by counsel. Rather, plaintiff's counsel is an experienced attorney who secured a
16 successful result for plaintiff. There is also no evidence that plaintiff's counsel engaged in any
17 dilatory conduct resulting in excessive delay.

18       The court finds that the $25,400 fee sought based on 47 hours of attorney time is not
19 excessive in relation to the benefits awarded. (ECF No. 32 at 3.) In making this determination,
20 the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of
21 going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart,
22 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003).

23       Accordingly, for the reasons stated above, the court concludes that the fees sought by
24 counsel pursuant to § 406(b) are reasonable. See generally JAIME C., Plaintiff, v. ANDREW M.
25 SAUL, Defendant, Case No. 20-cv-3760 JSC, 2022 WL 4295279, at *2 (N.D. Cal. Sept. 16,
26 2022) (awarding $55,387.13 in attorney's fees pursuant to 406(b)); Martinez v. Commissioner of
27 Social Security, Case No. 1:18-cv-0940 BAM, 2022 WL 3358104, at *3 (E.D. Cal. Aug. 15,
28 2022) (awarding $42,651.13 in attorney's fees pursuant to 406(b)); Jamieson v. Astrue, No.

1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)).

An award of § 406(b) fees is, however, normally offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's counsel was previously awarded $9,050 in EAJA fees and the award under § 406(b) must be offset by that amount. (ECF No. 22.)

Plaintiff's counsel notes that "after paying her non-attorney representative for work before the Commissioner," the Commissioner has only retained $19,400. (Pl.'s Mot. (ECF No. 23) at 9.) Plaintiff's counsel, therefore, asks that the court order that the Commissioner pay plaintiff's counsel "the fully $19,400 retained back benefits," and that plaintiff's counsel be permitted to refund plaintiff only $3,050 "under the EAJA savings clause." (Id. at 10.)

"[C]ourts have referred to such means of award as the 'netting method'" and this method "is disfavored in light of EAJA's language anticipating an attorney-to-claimant refund." Londono v. Commissioner of Social Security, Case No. 1:16-cv-1897 EPG, 2022 WL 891285, at *3 (E.D. Cal. Mar. 25, 2022). This court, therefore, will follow the line of cases ordering the Commissioner to pay plaintiff's counsel the remainder of the withheld amount with plaintiff to pay the remaining amount pursuant to the contingency fee agreement. See Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008) ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."); Hay v. Kijakazi, No. 2:18-cv-1706 EFB, 2022 WL 17584398, at *2 (E.D. Cal. Dec. 12, 2022) ("the court will order the Commissioner to pay plaintiff's counsel the $45,997.12 in plaintiff's withholding account, with plaintiff to pay the remaining $9,667.12 owing to counsel under the contingency fee contract"); Dobson v. Commissioner of Social Sec., No. 2:09-cv-1460 KJN, 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013) ("if the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, the claimant's counsel must recover the difference from the claimant").

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 12, 2023 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 23), is granted;

2. Counsel for plaintiff is awarded $25,400 in attorney fees under § 406(b).  The Commissioner is directed to pay any withheld and unexhausted fees available to satisfy this judgment forthwith;

3. Upon receipt of payment from the Commissioner counsel for plaintiff shall reimburse plaintiff in the amount of $9,050.00 previously paid by the government under the EAJA; and

4. Within twenty-one days of the date of this order counsel for plaintiff shall file proof of service of this order upon plaintiff.

Dated: November 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\aristo1769.406(b).ord